UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DENNIS ANACKER,

        Plaintiff,

v.                                                                  Case No. 07-C-1081

DANA DUNCAN,

        Defendant.

**ORDER**

Plaintiff Dennis Anacker has brought an action against Dana Duncan, his former attorney. He has also filed a motion for leave to proceed *in forma pauperis*. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring suit in federal court. 28 U.S.C. § 1914. The federal *in forma pauperis* statute, 28 U.S.C. § 1915, however, insures indigent litigants meaningful access to the federal courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Section 1915 authorizes an indigent party to commence a federal court action, without costs and fees, upon submission of an affidavit asserting an inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a).

Recognizing that some nonpaying litigants may attempt to abuse this privilege, however, Congress also authorized the courts to dismiss such a case if the allegation of poverty is untrue, or if satisfied that the action (1) is frivolous or malicious, (2) fails to state a claim on which relief may be granted, or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2). An action is considered frivolous if there is no arguable basis for relief either in law or fact. *Neitzke*, 490 U.S. at 325.

In making such determinations, the court must give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), and must accept well-pleaded factual allegations as true. But even pro se allegations must contain at least "some minimum level of factual support." *White v. White*, 886 F.2d 721, 724 (4th Cir. 1989). Persons should not be allowed to proceed *in forma pauperis* if their claims are so lacking in specific facts that the court must invent factual scenarios that cannot be inferred from the pleadings. *Smith-Bey v. Hosp. Adm'r*, 841 F.2d 751, 758 (7th Cir. 1988).

Plaintiff has filed the required affidavit of indigence. Based on plaintiff's affidavit of indigence, the court is satisfied that he meets the poverty requirements of 28 U.S.C. § 1915.

The court now turns its attention to the substance of the complaint. Liberally construed, the complaint alleges that defendant Duncan failed to provide adequate representation in the plaintiff's Social Security case. In particular, the complaint alleges that Duncan failed to present any evidence until the day of the hearing, and then failed to timely supplement the record following the hearing. Anacker seeks five million dollars in relief.

The only reasonable reading of the complaint is that it states a claim for legal malpractice, a cause of action based on state, rather than federal, law. *Tallmadge v. Boyle,* 2007 WI App 47, 730 N.W.2d 173, 179 (Wis. Ct. App. 2007). A federal district court does not have jurisdiction to hear questions involving only state law unless the parties have diverse citizenship. Here, both plaintiff and his attorney are alleged to be Wisconsin citizens, so there is no basis for diversity jurisdiction. Nor is there any basis for federal question jurisdiction. The fact that the underlying cause of action

involved a Social Security case – a question of federal law – does not transform a state law malpractice claim into a federal claim. *Diaz v. Sheppard,* 85 F.3d 1502, 1505-06 (11th Cir. 1996). Ultimately, although the question certainly touches on matters of federal law, it is state law that controls the question of whether the defendant's representation of the plaintiff was adequate. Accordingly, this court lacks jurisdiction over the subject matter of this action.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* is hereby **GRANTED** (i.e., the filing fee is waived)**,** but the case is **DISMISSED** for lack of jurisdiction.

Dated this     5th     day of December, 2007.

s/ William C. Griesbach
William C. Griesbach
United States District Judge

3